## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK.

### September 29, 1916.

## THE PEOPLE v. JOHN HAUKOP.

## THE PEOPLE v. JOSEPH McKEON.

## THE PEOPLE v. RICHARD A. KENNA.

ENDANGERING MORALS OF CHILDREN—PENAL LAW, SECTION 485— BOXING.
  Defendants, as members of a sporting club, gave a boxing match by two boys, aged fourteen and fifteen years, paying them one dollar each. *Held*, that the question as to whether the performance was injurious or dangerous to their morals, should have been submitted to the jury.·

ON MOTION of defendant to dismiss on trial.

Several informations were filed against the defendants separately, charging endangering and impairment of morals of children, and also endangering the lives and personal safety of the children.  It was shown that the defendants, on behalf of the corporation known as the Broadway Sporting Club, organized under chapter 779 of the Laws of 1911, constituting the State Athletic Commission, employed two boys, one of the age of fourteen years and one of the age of fifteen years, to engage in a sparring or boxing match before an assemblage at the meeting place of the club.  The boys accordingly, with the customary accoutrements of boxing or sparring in a ring, with one of the defendants acting as referee, went through such performance and were paid one dollar each.  All the cases against the several defendants were tried together, and at the

conclusion of the submission of the evidence by the prosecution the defendants moved to dismiss; thereupon the decision of the court upon the motion was stated by Clarence Edwards, Presiding Justice, orally, as follows:

EDWARDS, J. (orally):

The Justices sitting in this court have two distinct duties, the one as judges of the law, the other as triers of the facts. The motion made by each defendant to dismiss, at the close of the People's case, raises a question of law only, namely: Is there sufficient evidence to submit to the triers of the facts for determination by the latter whether or not the charges of the informations are sustained by the proofs? The latter determinations ordinarily should be had only after final submission of the cause by both parties.

In my judgment on the present state of the proofs there is no evidence for such submission tending to show that the performance of boxing, as engaged in by the boys concerned, was injurious or dangerous to them physically; but the question now presented is, Is there such evidence tending to show that the performance was injurious or dangerous to their morals? The court in determining must have in view the meaning by common usage of the term "morals," and the influences, if any here disclosed, which may tend to affect the same injuriously, especially in the period of adolescence, the question of fact being whether it is shown by proofs and proper inference that such influences were present, and the question of law, whether there is any evidence at all for consideration by the triers of the facts.

In the study of the preliminary question of law, we are not aided by any statutory definition of the term morals, but, like other words, this must be given the meaning of common use. It is not the function of this court to elaborate an ethical code, but only to interpret and declare the application of the ethical

rules already established by the enlightened conscience of the community. I do not think the sense here is further limited by the preceding clauses of the section, for it must be borne in mind that until the enactment of the law creating the State Athletic Commission (Laws 1911, chap. 779), section 1710 of the Penal Law, forbidding exhibitions of the nature of that under consideration (if an admission fee were charged), remained unmodified, and this section now considered (Penal Law, § 485) was drafted while that condition continued.

Morality means rather the spiritual condition of the individual in appetencies and impulses than the history of acts done; it is essentially subjective, though society is perhaps chiefly concerned in its objective manifestations and effects.

Youth is very plastic and at the same time is endowed with tremendous energy of enthusiasm; and the great problem of education is to direct this energy along courses that will develop worthy results. Good character is not negative or neutral, but positive and dynamic in achievement of human duty. The character developed in the youth must depend largely upon the quality of his ideals, and anything that tends to engender unworthy ideals or to divert aspirations that operate towards beneficent character-building is, in the degree to which such influence is effective, injurious to the morals of the child.

Sport means play, and to deny it to the boy would be as cynical as a general condemnation of the joys of life. Moreover, I am emphatically of the opinion that the sport of boxing properly conducted among boys is distinctly innocent and wholesome. In the case before us, however, I think the evidence tending to establish the offense charged should be submitted to the triers of fact, and that it involves questions for their determination which may be formulated as follows:

Did the performance in which the boys who have testified here were engaged injure or endanger their morals, and espe-

cially did these elements which may be found in the situation have that quality, to wit,—

(1) The commercializing of sport involved in the boys giving the exhibition for money?

(2) The exhibition of themselves, in the circumstances and form of exercise shown, for approval or applause before, and for the amusement or entertainment of, an assemblage of adults?

(3) The formal misrepresentation by them of their age with the accompanying pretense of maturity?

(4) The approach towards, or suggestion of, the brutality of the prize fight, in the forms and environment of the occasion?

Motion to dismiss denied.